UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

GORDON DUNBAR,

Defendant.
----------------------------------------------------------------X

ORDER

03-CR-297 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Gordon Dunbar ("Defendant"), proceeding pro se, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Defendant's motion is denied.

Defendant pleaded guilty to conspiracy to distribute, and to possess with intent to distribute, at least 50 grams of cocaine base and at least 1 kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (See Gov't Letter Br. (Docket Entry #539), Ex. A ("Plea Agreement").) This conviction carries, inter alia, a statutory mandatory minimum sentence of ten years imprisonment. See 21 U.S.C. § 841(b)(1)(a). Defendant was sentenced, on February 15, 2005, to, inter alia, 85 months imprisonment, to "run concurrently to the balance of [a] state court sentence," and five years supervised release. (See Judgment of Conviction (Docket Entry #257 at 2.)[1]

---

[1] The Judgment of Conviction further notes that "[t]he 120 month mandatory minimum... is reduced by 35 months for the periods of July 19, 2001 to August 3, 2001 and April 5, 2002 to February 15, 2005 pursuant to [U.S.S.G.] §5G1.3. The defendant shall receive credit for time served on the undischarged term of state imprisonment." (Judgment of Conviction 2.)

1

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). This provision authorizes the court to reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 21 U.S.C. § 3582(c)(2). If a defendant's sentence was based on such a sentence range, the court can re-sentence that individual after considering applicable factors set forth in § 3553(a), and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 21 U.S.C. § 3582(c)(2).

Defendant claims he is entitled to a sentence reduction based on retroactive Guidelines Amendment 706, which addresses disparities in sentences for possessing or distributing various forms of cocaine. See 72 Fed. Reg. 28571-72 (2007); U.S.S.G. § 1B1.10(c). As per § 3582(c)(2), sentencing amendments for offenses involving crack cocaine only apply when a defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 21 U.S.C. § 3582(c)(2). Defendants who were sentenced based on a statutory mandatory minimum that has not been subsequently lowered are ineligible for a sentence reduction under § 3582(c)(2). See United States v. Ortiz, 551 F. Supp. 2d 202, 208 (S.D.N.Y. 2008) (Baer, J.) (holding defendant's sentence ineligible for relief under § 3582(c)(2) when sentence was based on a statutory minimum reduced by the defendant's substantial assistance, pursuant to U.S.S.G. § 5K1.1).

Defendant's motion for sentence reduction fails because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Instead, Defendant's sentence was based on the statutory mandatory minimum ten years imprisonment, see 21 U.S.C. §§ 846, 841(b)(1)(a), and was then reduced to 85 months

2

imprisonment to account for prison time served in state custody on related charges, see U.S.S.G. § 5G1.3(b). Accordingly, Defendant does not meet the threshold eligibility requirement for a reduction under § 3582(c)(2). Defendants Motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 16, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge